■ OKSANA STASYSZYN, Appellant-Respondent, v SUTTON EAST ASSOCIATES et al., Respondents-Appellants, and SUTTON HOTEL ASSOCIATES et al., Respondents. (And a Third-Party Action.) [623 NYS2d 879] —Judgment of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 26, 1994,. which, after a non-jury trial, awarded plaintiff a money judgment in the amount of $62,920 plus post-judgment interest against defendants Sutton East Associates, David Edelstein, Patricia Meyerson as Executrix of the Estate of Leonard Myerson, Edward Simpson, Harvey Simpson and Sutton Hotel Associates and Sutton Hotel Corp., unanimously reversed, on the law, to the extent appealed from and the complaint dismissed. Appeal from the order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about July 15, 1994, which, *inter alia,* denied plaintiff's motion pursuant to CPLR 4404 (b) to amend the judgment to include pre-judgment interest, is dismissed as academic, both with one bill of costs and disbursements payable by plaintiff.

Defendant Sutton East Associates (Sutton East) was the landlord of plaintiff. Both parties entered a stipulation dated August 23, 1984, under which plaintiff agreed to vacate the room she occupied in the premises (the Sutton East Hotel) as a rent-stabilized tenant. In return, defendant agreed to pay her $18,000 per year for the next two years and by September 1, 1986 plaintiff would be placed in possession of a renovated room in the premises. Defendant Sutton East paid plaintiff the amounts due. However, it sold the Hotel on December 5, 1985,

to Sutton Hotel Associates (Sutton Hotel), before plaintiff was to be restored to possession. Sutton Hotel demolished the renovated room plaintiff was to occupy. It failed to develop the property. Upon a mortgage default, defendants W.M. Realty Associates, L.P. and W.M. Realty Corp. (W.M. Realty) took a deed in lieu of foreclosure and sold the property to the present owner, 330 East 56 Street, Inc. (330 East 56), in 1990. The renovations were not completed until October 1992. Plaintiff had, in the meantime, begun this action in March of 1987, for injunctive relief restoring her to her rooms and for compensatory damages and attorney's fees, based on defendant's breach of the stipulation.

In a prior appeal, we reversed an order of the Supreme Court and granted plaintiff's motion for summary judgment against all defendants (except 330 East 56 which had not yet purchased the property) on the issue of liability (*Stasyszyn v Sutton E. Assocs.*, 161 AD2d 269). We remanded for an assessment of damages and a determination of the various defendants' respective liability. We rejected the contention of the subsequent owners that they were not bound by the stipulation entered into by Sutton East, finding that the obligations under that stipulation ran with the land and that, in any event, the subsequent owners had notice of the existence of the leasehold and plaintiff's rights when they took possession and thus, took subject to the conditions of her tenancy (*supra,* at 272).

Plaintiff finally moved back into the Hotel in October 1993. Prior to trial, plaintiff settled with 330 East 56 and W.M. Realty, relinquishing and compromising all of her claims against them for the amount of $345,000. As part of the settlement, plaintiff gave General Releases which did *not* reserve any right or claim on her behalf against the settling defendants or as against any other party.

As noted, *supra,* Sutton East, when it transferred title to the Hotel, was not in breach of its agreement with plaintiff. Its liability to plaintiff arose as a surety to the performance of the subsequent owners of the Hotel who were primarily obligated to perform. "If the burden of a promisor's promise has passed with the transfer of an interest in the leased property as provided in subsection (2) of this section, the liability of the promisor normally becomes secondary. If he is held liable for the non performance of the promise after the transfer, he is entitled to reimbursement from the transferee who became liable on the promise as a promise running with the land. The basis for such reimbursement is subrogation.

The promisor is subrogated to the rights of the holder of the benefit of the promise against the transferee who became liable on the promise that ran with the land." (Restatement [Second] of Property Landlord & Tenant § 16.1, comment *c*, at 120.)

Accordingly, Sutton East, as the promisor, became subrogated to the rights of the plaintiff as against the settling defendants. By failing to expressly reserve her rights, when plaintiff gave the general releases to the settling defendants she destroyed Sutton East's subrogation rights. Therefore, pursuant to the provisions of General Obligations Law § 15-105, defendant Sutton East was discharged to the extent that Sutton East would have been entitled to either be subrogated to plaintiff's rights or would have been entitled to contribution or indemnity from the settling defendants.

The IAS Court found the value of plaintiff's leasehold to be $3,000 per month, less $140 that was to be paid pursuant to the stipulation. Applying this value to the entire time plaintiff was wrongly out of possession, i.e., the period from September 1986 through October 1993, plaintiff's total damages equalled approximately $240,000. The subsequent settlement with 330 East 56 and W.M. Realty gave plaintiff the amount of $345,000, *more* than the actual damages sustained, as determined by the IAS Court. Thus, no injustice results to plaintiff from this application of the General Obligations Law. Concur —Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.